court must consider the entire set of instructions as a whole. *Ahrens & McCarron, Inc. v. Mullenix Corp.*, 793 S.W.2d 534, 541 (Mo. App.1990). Typographical or inadvertent errors are not necessarily prejudicial when a literate juror could conclude what the instructions were intended to communicate. *See Goff v. St. Luke's Hosp. of Kansas City*, 753 S.W.2d 557, 564 (Mo. banc 1988).

In Mr. McGoldrick's situation, the only alleged error in Verdict Forms A and B was the use of the word "to" in the "total" line, as opposed to the word "OR." Reading the instructions as a whole, a literate juror would easily conclude that the incongruity between the "total" lines of Verdict Forms A and B and the "total" line of Verdict Form C signified a typographical error. Indeed, the jury in Mr. McGoldrick's case was plainly aware of the discrepancy between the verdict forms, since it questioned the court as to the differences between Verdict Forms A and B and Verdict Form C. Because it requested and received clarification, the jury could not have been ultimately misdirected. It is presumed that a jury accepts and acts upon an instructional correction unless the circumstances of the case suggest otherwise. *Wells*, 293 S.W. at 128.

In his brief, Mr. McGoldrick claims that deviations from MAI result in a presumption of prejudice. Although this statement is generally true, *Kunzler v. Estate of Kunzler*, 598 S.W.2d 139, 142 (Mo. banc 1980), such a rule is primarily directed at deliberate attempts to deviate from or to "improve" MAI instructions. *See Goff*, 753 S.W.2d at 564–65.[5] In the case at hand, the deviations appear to consist only of inadvertent or typographical errors which do not affect the merits of the action to a material extent—especially since the verdict forms were corrected. *See id.;* Rule 84.13(b). The prejudicial effect

of an erroneous instruction is judicially determined. Rule 70.02(c). Any prejudice which may have arisen against Mr. McGoldrick was cured when the court corrected Verdict Forms A and B.

The trial court did not abuse its discretion in overruling Mr. McGoldrick's motion for a mistrial. Point denied.

The judgment of the trial court is affirmed.

All concur.

**STATE of Missouri, Respondent,**

v.

**Richard M. OWENS, Appellant.**

**No. WD 49871.**

Missouri Court of Appeals,
Western District.

August 1, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1995.

Application to Transfer Denied
Nov. 21, 1995.

Richard E. McFadin, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

---

5. *But see Bast*, 676 S.W.2d 42. In *Bast*, the trial court granted a new trial because the jury was given a punitive damages instruction when punitive damages were not at issue. Although the erroneous instruction was withdrawn, the jury returned what the judge believed to be an excessive verdict. The judge therefore found that the error was confusing and misleading and, on review, the appellate court upheld the order granting a new trial. *Id.* at 44.

*Bast* is distinguishable from the situation at hand, however, since it involved more extreme circumstances. There is a great difference between submitting an entire instruction for inappropriate damages and mistyping one word in an otherwise correct instruction. Clearly, the potential for prejudice is much more likely in the former situation. In the *Bast* scenario, remedial action was therefore less likely to rectify prejudice than the corrective action taken in Mr. McGoldrick's case.

Before FENNER, C.J., P.J., and BRECKENRIDGE and ELLIS, JJ.

### ORDER

PER CURIAM.

Appeal from conviction, after jury trial, of assault in the first degree, § 565.050, RSMo 1994, and of felonious restraint, § 565.120, RSMo 1994.

Judgment affirmed. Rule 30.25(b).

STATE of Missouri, Respondent,

v.

**Jerry HYATT, Appellant.**

**No. WD 49535.**

Missouri Court of Appeals,
Western District.

Aug. 8, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1995.

Application to Transfer Denied
Nov. 21, 1995.

Robert G. Duncan, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

### ORDER

PER CURIAM:

Jerry Hyatt appeals from his conviction for assault in the first degree, § 565.050, RSMo 1994, for which he was sentenced as a prior offender to a term of twenty-five years imprisonment. Hyatt presents three points on appeal, claiming that the trial court erred in: (1) overruling a motion for judgment of acquittal at the end of all evidence because there was insufficient evidence showing that Hyatt inflicted serious physical injury upon the victim, Charles David Walker, when he bit off part of the ear of the victim; (2) overruling a motion for judgment of acquittal at the end of all evidence because there was insufficient evidence showing that Hyatt acted knowingly; and (3) sustaining the state's objection to cross-examination of the victim.

The judgment of the trial court is affirmed. Rule 30.25(b).

**Evon L. Headbany RACE, Appellant,**

v.

**Willard B. BUNCH, Respondent,**

**Milton D. Skeens, Defendant.**

**No. WD 49887.**

Missouri Court of Appeals,
Western District.

August 8, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1995.

Application to Transfer Denied
Nov. 21, 1995.

Theresa Hook Barton, Kansas City, for appellant.

J.D. Williamson, Jr., John E. Cash, Kansas City, for respondent.

Norman O. Sanders, Kansas City, for defendant.

Before KENNEDY, P.J., and SMART and LAURA DENVIR STITH, JJ.